NOT RECOMMENDED FOR PUBLICATION
File Name: 12a0605n.06

**No. 10-5438**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | ***Jun 12, 2012*** |
| Plaintiff-Appellee, | ) | LEONARD GREEN, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
|  | ) | THE WESTERN DISTRICT OF |
| BRAD DAVIS, | ) | TENNESSEE |
|  | ) |  |
| Defendant-Appellant. | ) |  |

Before: SILER and KETHLEDGE, Circuit Judges; ADAMS, District Judge.[*]

**SILER**, Circuit Judge. Defendant Brad Davis pled guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and was sentenced by the district court pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Davis appeals his sentence, arguing that the district court erred in finding that he had three predicate violent felonies. We have recently held that a prior conviction under Tennessee state law for Class E felony evading arrest is a violent felony for purposes of the ACCA. Because Davis has three prior convictions for Class E evading arrest, he qualifies for sentencing as an armed career criminal, and it is unnecessary to reach the issue of whether his juvenile convictions should qualify as violent felonies. We **AFFIRM** the district court's sentence.

---

[*] The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

**I.**

In 2009, Davis pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court applied USSG § 4B1.4, finding Davis to qualify as an armed career criminal under 18 U.S.C. § 924(e) because he had previously been convicted of at least three violent felonies. Davis has six prior convictions that potentially qualify as violent felonies for ACCA purposes: (1) aggravated robbery at age 14; (2) aggravated assault at age 17; (3) aggravated assault; and (4)-(6) three Class E felonies for evading arrest under Tenn. Code Ann. § 39-16-603(b)(3).

Davis conceded that his aggravated assault conviction is a violent felony and also conceded that the evading arrest convictions qualified as violent felonies under *United States v. Rogers*, 594 F.3d 517 (6th Cir. 2010), but argued that *Rogers* was wrongly decided. The district court determined that all six of Davis's prior convictions could be counted as violent felonies pursuant to the ACCA and imposed a sentence of 212 months, within the guidelines range of 188 to 235 months.

After Davis appealed, *Rogers* was vacated and remanded by the Supreme Court for reconsideration in light of *Sykes v. United States*, 564 U.S. 1 (2011). *See Rogers v. United States*, No. 09-10276, 131 S. Ct. 3018 (June 20, 2011). However, we recently revisited Tennessee's Class E evading arrest offense in *United States v. Doyle*, __ F.3d __, 2012 WL 1560394 (6th Cir. 2012), holding that a prior conviction for Class E evading arrest is a violent felony for purposes of the ACCA.

**II.**

The ACCA provides for a mandatory minimum sentence of fifteen years for any person convicted under 18 U.S.C. § 922(g) who has three previous violent felony convictions. 18 U.S.C.

§ 924(e)(1). While Davis has a number of arguments regarding five of the convictions, he concedes that his adult conviction for aggravated assault is a violent felony, meaning only two others must qualify as violent felonies to affirm the district court and its application of the ACCA.

In *Doyle*, we considered the effect of *Sykes* on our conclusion in *Rogers* that a conviction under Tennessee law for Class E evading arrest is a crime of violence under the sentencing guidelines. We held that "[n]othing in [*Sykes*] causes us to reconsider our holding in *Rogers* that Class E felony evading arrest under Tennessee law . . . is a violent felony under the ACCA." *Doyle*, 2012 WL 1560394, at *7. Under *Doyle*, Davis's prior Class E evading arrest convictions qualify as violent felonies. Because Davis has met the threshold of three predicate violent felony convictions without consideration of his juvenile offenses, it is unnecessary to address Davis's arguments that his juvenile convictions should not qualify.

## III.

Davis also claims that the district court's sentence was substantively unreasonable because the court did not give enough weight to the mitigating factors of Davis's youth, disabilities, and substance abuse history. "A sentence may be substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent [18 U.S.C.] § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Phinazee*, 515 F.3d 511, 514 (6th Cir. 2008) (internal quotation marks and alterations omitted). The reasonableness of a sentence is reviewed under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007). Because Davis's sentence was within-

guidelines, it is entitled to a rebuttable presumption of reasonableness. *United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008).

Davis's claim fails because he does not identify any specific § 3553 factor and because the district court addressed each of the concerns he raised. With regard to his "youthful criminal history" and mental disabilities, the district court noted Davis's "difficult life in the sense of the lack of education" and "the serious [health] condition he had as a child," but found that his criminal history "played out over not only his juvenile existence but certainly since he's been an adult." The court nonetheless stated that it was "going to give [Davis] some credit based upon some of the issues that [defense counsel] has raised, particularly his mental situation and others." The district court also directly addressed the issue of substance abuse, asking defense counsel about "any drug problems." When defense counsel indicated alcohol abuse, but no other substance abuse issues, the court directed that Davis be involved in alcohol abuse treatment while incarcerated. Finally, the district court did not give an unreasonable amount of weight to Davis's lengthy criminal history, which the district court considered in tandem with all other sentencing factors in choosing a within-guidelines sentence.

**AFFIRMED.**